NOLAN HEIMANN LLP
Jordan Susman, Esq. (SBN 246116)
Heather Mayer, Esq. (SBN 210544)
Jane Davidson, Esq. (SBN 326547)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail: jsusman@nolanheimann.com
           hmayer@nolanheimann.com
           jdavidson@nolanheimann.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FISCHBACH p/k/a MARKIPLIER, an individual; MARKIPLIER INC., a California Corporation,<br><br>              Plaintiffs,<br><br>     vs.<br><br>DOES 1-25,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**<br>3. **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br>4. **COMMON LAW TRADEMARK INFRINGEMENT**<br>5. **VIOLATION OF CAL. CIV. CODE § 3344**<br>6. **VIOLATION OF COMMON LAW RIGHT OF PUBLICITY**<br>7. **UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs MARK FISCHBACH p/k/a MARKIPLIER and MARKIPLIER INC. by and through their undersigned attorneys, allege upon knowledge as to themselves and their own acts and allege upon information and belief as to all other matters, bring this Complaint.

## PARTIES

1. Plaintiff MARK FISCHBACH p/k/a MARKIPLIER ("Fischbach") is an individual residing in Los Angeles County, California.

2. Plaintiff MARKIPLIER, INC ("Markiplier"), is a California company organized and existing under the laws of California with its principal place of business in Los Angeles County, California.

3. Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as Does 1 through 25 and, therefore, sues those Defendants by such fictitious names.  Does 1 through 25 operate the following YouTube channels (collectively, the "Infringing Channels"):

- https://www.youtube.com/@DistractibleRevived
- https://www.youtube.com/@faithhaight
- https://www.youtube.com/@BurninDatButane/videos
- https://www.youtube.com/@BlueFireClips
- https://www.youtube.com/@grimygophergutz
- https://www.youtube.com/@MarkBobWadeClips/shorts
- https://youtube.com/@distractablemoments?si=5GqUZv0QmEw5sIIO
- https://www.youtube.com/@SirWalterUnderbridge

Screenshots of the Infringing Channels are attached hereto as Exhibits 1 through 8.

4. Plaintiffs will amend this Complaint to allege their true names and capacities of the Doe Defendants after they have been ascertained.

5. At all times relevant herein, each of the Defendants was the agent, representative, and/or employee of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such relationship and each

of the Defendants approved and ratified the conduct of each of the other Defendants.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is vested in this Court under 28 U.S.C. §§ 1331 & 1338 and 15 U.S.C. § 1114(1) because this dispute concerns the rights of parties under the Copyright Act and federal trademark law.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims, as such claims are so closely related to the federal claims brought in this action as to form part of the same case or controversy.

8. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California, which include, among others, soliciting and engaging in commercial transactions with California consumers.

9. Venue is proper in this District in accordance with 28 U.S.C. § 1381, 28 U.S.C. § 1391, and 28 U.S.C. § 1400 in that the claims arise in this Judicial District, the Defendants transact business in this Judicial District, and the injury suffered by Plaintiffs took place in this Judicial District.

## STATEMENT OF FACTS

### The Distractible Podcast

10. Plaintiff Fischbach is a famous YouTuber and podcast host. On YouTube, Fischbach is professionally known as Markiplier.

11. Fischbach, along with Wade Barnes and Bob Muyskens, hosts a popular comedy video podcast called "Distractible."

12. The Distractible podcast rose to No. 1 on Spotify and Apple Podcasts' charts shortly after its launch in May 2021. The Distractible YouTube channel currently has almost one million subscribers. Attached hereto as Exhibit 9 is a true and correct copy of a screenshot from the Distractible YouTube channel.

### Defendants' Copyright Infringement

13. Markiplier is the owner of Copyright Registration No. PA 2-516-609 for the Distractible video podcast episode titled, "Top 10 Things." Attached hereto as Exhibit 10

1  is a true and correct copy of Copyright Registration No. PA 2-516-609.

2  14. Defendants posted the "Top 10 Things" episode on their Not Distractible Revived YouTube channel (https://www.youtube.com/@DistractibleRevived) without Markiplier's permission to do so. Below is a screenshot of the Not Distractible Revived YouTube channel streaming the "Top 10 Things" episode.



15. Markiplier is also the owner of Copyright Registration No. Pa 2-516-616 for the Distractible video podcast episode titled, "The Cost is Correct." Attached hereto as Exhibit 11 is a true and correct copy of Copyright Registration No. Pa 2-516-616.

16. Defendants posted the "The Cost is Correct" episode on their Not Distractible Revived YouTube channel without Markiplier's permission to do so. Below is a screenshot of the Not Distractible Revived YouTube channel streaming "The Cost is Correct" episode.



17. The Copyright Registration No. PA 2-516-609 for the Distractible video podcast episode titled, "Top 10 Things" and the Copyright Registration No. Pa 2-516-616 for the Distractible video podcast episode titled, "The Cost is Correct" are collectively referred to as the "Copyrighted Material."

18. Defendants are well aware that they are not authorized to stream or otherwise use Plaintiffs' Copyrighted Material. In an effort to evade liability for their acts of copyright infringement, Defendants intentionally modify the sound and/or blur the background when they stream infringing episodes of Plaintiffs' podcasts. Viewers of Defendants' Not Distractible Revived YouTube channel have commented on Defendants' duplicitous conduct:

@kurt950 8 months ago
Ffs, i wish we could see the poster, can you not edit this better? I could think of 100 things you could do to greatly improove these videos without getting copyright infringement
Reply

19. In or about May 2012, Fischbach began using the term "Markiplier" (the "Markiplier Mark") to identify his various entertainment services and related goods. He subsequently transferred ownership of the mark to Markiplier, and on July 21, 2020, Markiplier registered the Markiplier Mark with the United States Patent and Trademark Office (Registration No. 6104870) for entertainment services and related goods. Attached hereto as Exhibit 12 is a true and correct copy of Markiplier's Trademark Registration.

20. Markiplier has been using the mark "Distractible" (the "Distractible Mark") in commerce with regard to goods and services since 2021, including the Distractible podcast, the Distractible YouTube channel, and related merchandise. Accordingly, Markiplier is the owner of the common law trademark rights in the Distractible Mark.

21. Since approximately May 2021, Markiplier has used an illustrated graphic of Fischbach, Barnes, and Muyskens (the "Distractible Graphic," which is pictured below) in commerce with regard to goods and services, including on the Distractible podcast, the Distractible YouTube channel, and related merchandise. Accordingly, Markiplier is the owner of the common law trademark rights in the Distractible Graphic.



22. Since March 2024, Markiplier has used the Distractible Mark and Distractible Graphic in connection with their official online merchandise store at

distractiblestore.com, a screenshot of which is below:



23. In violation of Markiplier's rights in the Distractible Mark, Defendants wrongfully use the mark in the title of their Not Distractible Revived YouTube channel, thereby making Defendants' Not Distractible Revived YouTube channel confusingly similar to the Distractible YouTube channel, particularly because the primary content on Defendants' channel is Plaintiffs' video podcasts.

24. In violation of Markiplier's rights in the Distractible Graphic, Defendants wrongfully use the Graphic to promote their Not Distractible Revived YouTube channel, causing viewers to be confused as to whether Defendants' Not Distractible Revived YouTube channel is affiliated with or endorsed by Markiplier. A copy of Defendants' confusingly similar graphic is below:



25. In addition to the Not Distractible Revived YouTube channel, Defendants own, control, and operate the other Infringing Channels on which they illegally repost Plaintiffs' video podcasts and illegally post infringing compilations of Plaintiffs' podcasts using the "Distractible" trademark.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement – 17 U.S.C. § 501, *et seq.*)**

**(Markiplier against All Defendants)**

26. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

27. Markiplier is the sole and exclusive owner of all rights, title, and interest in the Copyrighted Material.

28. The acts of Defendants complained of herein constitute infringement of Markiplier's copyrights and exclusive rights under copyright law in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

29. All of Defendants' acts are and were made without permission, license, or consent of Markiplier.

30. The foregoing acts of infringement by Defendants were willful, intentional, and purposeful, in disregard of, and indifference to, Markiplier's rights.

31. As a direct and proximate cause of the infringement by the Defendants of Markiplier's copyrights and exclusive rights under copyright law, Markiplier is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for the infringement.

32. Alternatively, Markiplier is entitled to statutory damages up to $150,000 per work infringed and per infringement for Defendants' willful infringement, pursuant to 17 U.S.C. § 504(c).

33. Markiplier is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

34. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Markiplier irreparable injury that cannot be fully compensated by or measured in money damages. Markiplier has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin – Lanham Act, 15 U.S.C. § 1125(a))**

**(All Plaintiffs against All Defendants)**

35. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

36. Markiplier has used the Distractible Mark in commerce since 2021 to identify the Distractible podcast and related services and products, and the public has come to recognize the Distractible Mark as exclusively identifying Markiplier's goods and services.

37. Markiplier has used the Distractible Graphic in commerce since May 2021 to identify the Distractible podcast and related services and products, and the public has come to recognize the Distractible Graphic as exclusively identifying Markiplier's goods and services.

38. Fischbach has used the term Markiplier in commerce as a podcast host and entertainer since 2012, and the public has come to recognize the Markiplier Mark as exclusively identifying Fischbach.

39. As described herein, Defendants have infringed Plaintiffs' rights in the Distractible Mark, the Distractible Graphic, and the Markiplier Mark to identify and profit off of competing goods and services.

40. Defendants' unauthorized use of the Distractible Mark, the Distractible Graphic, and the Markiplier Mark has caused, or is likely to cause, confusion in the public and constitutes a false designation of origin, a false or misleading description of fact, and false or misleading representation of fact.

41. Defendants' unauthorized use of the Distractible Mark, the Distractible Graphic, and the Markiplier Mark has caused, and is likely to continue to cause, confusion, mistake, and/or deception as to the affiliation, connection or association of Defendants' goods and services with Plaintiffs and the origin, sponsorship or approval of Defendants' goods and services by Plaintiffs.

42. The aforesaid acts constitute trademark infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

43. Defendants' acts constitute willful and intentional infringements of the Distractible Mark, the Distractible Graphic, and the Markiplier Mark, and Defendants did these acts with the intent to trade upon Plaintiffs' reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' goods and services are associated with, sponsored by, approved by, or originating from Plaintiffs, when they are not.

44. Defendants had actual knowledge of Plaintiffs' ownership and prior use of the Distractible Mark, the Distractible Graphic, and the Markiplier Mark, and without consent of Plaintiffs, willfully violated 15 U.S.C. § 1125(a).

45. Defendants have acted in bad faith and/or willfully in using the Distractible Mark, the Distractible Graphic, and the Markiplier Mark in connection with Defendants' goods and services.

46. Defendants' infringing acts have caused and will continue to cause Plaintiffs to suffer irreparable injury to their reputations and goodwill. Plaintiffs do not have an adequate remedy at law to recover for this harm and are therefore entitled to injunctive relief.

47. Defendants' intentional actions are willful and render this an exceptional case, further entitling Plaintiffs to the recovery of treble damages and their attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

### (Federal Trademark Infringement – Lanham Act, 15 U.S.C. § 1114)

### (Markiplier against All Defendants)

48. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

49. Markiplier exclusively owns the federally registered Markiplier Mark identified in paragraph 19, which is valid and enforceable.

50. Markiplier has used the Markiplier Mark in interstate commerce in connection with entertainment services and related goods.

51. Without authorization or permission, Defendants have used in commerce and continue to use in commerce the Markiplier Mark.

52. Defendants' unauthorized use of the Markiplier Mark has caused, and will continue to cause, confusion, mistake, or deception in the relevant consumer market.

53. Defendants' unauthorized use of the Markiplier Mark constitutes infringement of a federally registered trademark in violation of 15 U.S.C. § 1114.

54. As a direct and proximate result of the acts of trademark infringement set forth above, Markiplier has suffered actual damages in an amount to be proven at trial.

55. Markiplier is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from the acts of trademark infringement.

56. Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Markiplier to an award of attorneys' fees and costs.

57. Defendants committed the infringement described above knowing that their unauthorized use of the Markiplier trademark is likely to cause consumer confusion.

Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Markiplier is entitled to an award of treble damages.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

### (All Plaintiffs against All Defendants)

58. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

59. Plaintiffs own common law trademark rights in the Distractible Mark, the Distractible Graphic, and the Markiplier Mark, and all such rights owned by Plaintiffs are superior to any rights that the Defendants may claim to have.

60. Defendants' unauthorized use of the Distractible Mark, the Distractible Graphic, and the Markiplier Mark in connection with the Infringing Channels and elsewhere is likely to lead the public to believe that Plaintiffs are affiliated with or sponsor or endorse Defendants and/or Defendants' unauthorized goods and services, and is likely to mislead persons in the ordinary course of patronizing Defendants' infringing services and/or purchasing Defendants' unauthorized products, and induce them to believe they are patronizing genuine authorized podcasts and purchasing genuine goods of Plaintiffs thereby injuring Plaintiffs' reputation and goodwill and unjustly diverting from Plaintiffs to Defendants the benefits arising therefrom.

61. Defendants' acts of trademark infringement are continuing to be committed willfully, knowingly, intentionally, and in bad faith.

62. Defendants' acts of trademark infringement will continue to cause Plaintiffs irreparable damage, loss, and injury for which Plaintiffs have no adequate remedy at law.

63. Accordingly, Plaintiffs are entitled to injunctive relief that remedies and prevents such unfair competition, as well as disgorgement and damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Violation of Cal. Civ. Code § 3344)

### (Fischbach Against All Defendants)

64. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

65. Fischbach is the owner of the rights of publicity in his name, image, likeness, and persona for all purposes.

66. Defendants have willfully and without authorization used Fischbach's name, image, likeness, and persona for commercial purposes on the Infringing Channels.

67. Defendants' unauthorized use of Fischbach's name, image, likeness, and persona constitutes a commercial misappropriation in violation of Section 3344 of the California Civil Code.

68. As a direct and proximate result of Defendants' wrongful conduct, Fischbach has suffered, and will continue to suffer, damages in an amount to be proven at trial.

69. Defendants have further been unjustly enriched by their misappropriation of Fischbach's statutory rights of publicity. Accordingly, Fischbach is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

70. Defendants' actions as alleged herein were malicious, oppressive, and fraudulent, and done with the intent to injure Fischbach and with a willful and conscious disregard of Fischbach's rights. As a result, Fischbach is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

## SIXTH CLAIM FOR RELIEF

### (Violation of Common Law Right of Publicity)

### (Fischbach Against All Defendants)

71.　Plaintiffs incorporate all prior allegations of this Complaint by this reference.

72.　Fischbach is the owner of the common law rights of publicity in his name, image, likeness, and persona.

73.　Defendants have willfully and without authorization used Fischbach's name, image, likeness, and persona for commercial purposes to promote their Infringing Channels.

74.　Defendants' unauthorized use of Fischbach's name, image, likeness, and persona constitutes a violation of California's common law rights of publicity.

75.　As a direct and proximate result of Defendants' wrongful conduct, Fischbach has suffered, and will continue to suffer, damages in an amount to be proven at trial.

76.　Defendants have further been unjustly enriched by their infringement of Plaintiffs' common law right of publicity. Accordingly, Fischbach is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

77.　Defendants' actions as alleged above were malicious, oppressive, and fraudulent, and done with the intent to injure Fischbach and with a willful and conscious disregard for Fischbach's rights. As a result, Fischbach is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter Defendants and others from engaging in such acts in the future.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200)

### (All Plaintiffs against All Defendants)

78. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

79. As set forth above, Defendants have engaged in unlawful business acts or practices, including copyright infringement, trademark infringement, and violations of rights of publicity—all in an effort to gain unfair competitive advantage by trading on Plaintiffs' efforts and reputation.

80. Defendants' acts and conduct constitute unlawful competition as defined by California Business and Professions Code section 17200 *et seq*.

81. In light of Defendants' conduct, it would be inequitable to allow them to retain the benefit of any funds they obtained as a result thereof.

82. As a result of Defendants' unfair competition, Plaintiffs have suffered damages through lost sales and continuing damage to their business, goodwill, and reputation. Plaintiffs have suffered and continue to suffer immediate and irreparable injury for which there is no adequate remedy at law, and unless Defendants are enjoined from such unfair competition, will continue to suffer irreparable injury. Plaintiffs are entitled to injunctive relief

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an award against Defendants as follows:

1. For an award of actual and compensatory damages according to proof;

2. For the disgorgement of Defendants' profits attributable to the infringement of Plaintiffs' intellectual property rights and rights of publicity;

3. For an award of punitive damages in an amount sufficient to deter unlawful conduct by Defendants in the future;

  4. For treble damages;

  5. For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from using Plaintiffs' copyrights and trademarks;

  6. For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from using Fischbach's name, image, likeness, and persona;

  7. For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

  8. For attorneys' fees and costs as provided by law or otherwise; and

  9. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: October 7, 2025      NOLAN HEIMANN LLP

             By: */s/ Jordan Susman*
               Jordan Susman
               Heather Mayer
               Jane Davidson
               Attorneys for Plaintiffs